MAGISTRATE'S CRIMINAL MINUTES        FILED IN OPEN COURT
REMOVALS (RULE 40)                   DATE: _10/4/05_ @ _4:39_
                                     TAPE: _05-43_ @ _5036_
                                     TIME IN COURT: _10 mins_

MAGISTRATE E. CLAYTON SCOFIELD III, PRESIDING
ANGELA SMITH DEPUTY CLERK
CASE NUMBER _1:05-mj-1342_        DEFENDANT'S NAME _William A. Willis_
AUSA _Candie Howard_              DEFENDANT'S ATTY _Allison Dawson_
USPO _Lorna Murphy_               Type Counsel (circle)  Retained  CJA  (FDP)

FILED
OCT 20 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_✓_ Initial appearance hearing held.
_✓_ Defendant informed of rights.
____ ORDER appointing Federal Defender Program attorney for defendant.
____ ORDER appointing _____ attorney for defendant.
____ ORDER defendant shall pay attorney's fees as follows: _____

_✓_ Defendant WAIVES removal hearing (as to IDENTITY only). WAIVER FILED.
____ Defendant WAIVES preliminary hearing (___ In this district only). WAIVER FILED.
____ Removal hearing set/reset/cont to _____ @ _____.
____ Removal hearing HELD.
____ Order finding Probable Cause. Defendant held to District Court for removal to other district.
____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
_✓_ Order defendant removed to other district. Commitment issued _10/4/05_
____ Miscellaneous: _____

### BOND/PRETRIAL DETENTION HEARING

_✓_ Government Motion for DETENTION filed.
_✓_ Bond/Pretrial DETENTION hearing ~~~~~~ requested in the charging district.
____ Pretrial detention hearing set for _____. (_ In charging district)
____ (___VERBAL) Motion to reduce bond GRANTED.
____ (___VERBAL) Motion to reduce bond DENIED.
_✓_ Pretrial DETENTION ORDERED. (Written order to follow _____).
____ BOND SET at $_____.
        _____ NON-SURETY
        _____ SURETY/CASH: _____ Property Acceptable: _____ Corporate Surety Only
        _____ Combination: _____
____ SPECIAL CONDITIONS: _____

____ BOND FILED. Defendant RELEASED.
____ BOND NOT EXECUTED. DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY.

____ SEE BACK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 0 4 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

FILED IN OPEN COURT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM A. WILLIS,

    Defendant.

CASE NO. 1:05-MJ-1342

## ORDER APPOINTING COUNSEL

Allison Dawson

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 4th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

AO 94 (10/82) Commitment to Another District (Rule 40, FRCrP)

U.S.D.C. Atlanta

OCT 0 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,

vs.

WILLIAM A. WILLIS,

**COMMITMENT TO ANOTHER DISTRICT**

CASE NO. 1:05-MJ-1342

Charges against the defendant are filed based upon a(n):

☐ indictment    ☐ information    ☐ complaint    X Failure to appear warrant

charging a violation of **Title 18, United States Code, Section(s) 1344.**

ATTEST: A TRUE COPY
CERTIFIED THIS
OCT 0 6 2005
Luther D. Thomas, Clerk
By: _____
Deputy Clerk

**DISTRICT OF OFFENSE:** District of Columbia

**DATE OF OFFENSE:**

**DESCRIPTION OF CHARGES:** Failure to appear

**BOND IS FIXED AT:** $ DETAINED for REMOVAL - DEFENDANT WAIVED HEARING HERE AND REQUESTS A BOND HEARING IN CHARGING DISTRICT

**TO:** THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above-named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

Dated at Atlanta, Georgia this 4th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

## RETURN

This commitment was received and executed as follows:

**Date Commitment Order Received:**

**Place of Commitment:**

**Date Defendant Committed:**

**Date:**

**United States Marshal:**

**(By) Deputy Marshal:**

AO 466 (1/86) Waiver of Rule 40 Hearings

FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 0 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,

vs.

WILLIAM A. WILLIS

WAIVER OF RULE 40 HEARINGS

(EXCLUDING PROBATION CASES)

CASE NO.: 1:05-MJ-1342

I, WILLIAM A. WILLIS, understand that in the District of Columbia, charges are pending alleging violation of 18:1344, and that I have been arrested in this District and taken before a United States Magistrate Judge, who informed me of the charge(s) and of my right to:

(1) retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2) request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3) an identity hearing to determine if I am the person named in the charge, and
(4) a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

[X] identity hearing
[ ] preliminary examination
[X] identity hearing and have been informed I have no right to a preliminary examination
[ ] identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 4th day of October, 2005.

_____
DEFENDANT

_____
DEFENSE COUNSEL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN OPEN COURT
U.S.D.C. Atlanta
OCT 04 2005
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA,
vs.
WILLIAM A. WILLIS

ORDER OF DETENTION PENDING TRIAL

CASE NO. 1:05-MJ-1342

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____ *
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that _DEFENDANT WAIVED HEARING BUT REQUESTED A HEARING IN THE CHARGING DISTRICT._

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative of confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 10/3/05

E. Clayton Scofield _____
Signature of Judicial Officer

E. CLAYTON SCOFIELD III, U.S. MAGISTRATE JUDGE

* Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 0 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA    :    CRIMINAL ACTION
          v.                :    NO. 1:05-MJ-1342
William A Willis            :

## GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and Candiss L. Howard, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1. **Eligibility of Case.**

   This case is eligible for a detention order because this case involves (check all that apply):

   \_\_\_\_\_    Crime of violence (18 U.S.C. § 3156)

   \_\_\_\_\_    Maximum sentence of life imprisonment or death

   \_\_\_\_\_    10 + year drug offense

   \_\_\_\_\_    Felony, with two prior convictions in the above categories

   ✓    Serious risk the defendant will flee

   \_\_\_\_\_    Serious risk of obstruction of justice

2.   <u>Reason for Detention.</u>

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

__X__   Defendant's appearance as required

_____   Safety of any other person and the community


3.   <u>Rebuttable Presumption.</u>

The United States (will, will not) invoke the rebuttable presumption against defendant under § 3142(e).  (If yes) The presumption applies because (check one or more):

_____   There is probable cause to believe defendant committed 10 + year drug offense.

_____   There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____   Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1)of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

2

(2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

\_\_\_\_\_    [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. <u>Time for Detention Hearing.</u>

The United States requests the Court conduct the detention hearing:

\_\_\_\_\_    At the initial appearance.

✓    After continuance of _3_ days (not more than 3).

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated: this 4th day of October, 2005.

3

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

CANDISS L. HOWARD
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6031
(404)581-6156 (Fax)

Georgia Bar No. 370087

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

Attorney for Defendant

This 4th day of October, 2005.

_____
CANDISS L. HOWARD
ASSISTANT UNITED STATES ATTORNEY