UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,  )<br>v.  )<br>  )<br>WILLIAM A. WILLIS,  )<br>  )<br>          Defendant.  )<br>_____ ) | Criminal No. 05-384 (RMU) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
ELECTION AMONG MULTIPLICITOUS FAILURE TO APPEAR COUNTS**

    Defendant William A. Willis, through undersigned counsel, respectfully moves the Court for an Order compelling the prosecution to elect before trial among the multiplicitous counts for failure to appear in the indictment. In three separate counts of the indictment, the prosecution has charged Mr. Willis with failing to appear in violation of 18 U.S.C. § 3146(c). As set forth below, these counts are multiplicitous. The Court should exercise its discretion to enter an Order compelling the prosecution to elect among these counts before trial.

**BACKGROUND**

    The charges against Mr. Willis arise from his failure to appear at a hearing in September, 2005. The government alleges in Count One that Mr. Willis failed to appear on or about, September 1, 6, and 8, 2005; in Count Two that he failed to appear on or about, September 16, 2005; and in Count Three that he failed to appear on or about, September 19 all in violation of 18 U.S.C. § 3146 (c). If Mr. Willis knowing and willfully failed to appear as the government alleges, he did so once, and not repeatedly.

**ARGUMENT**

Under the Federal Rules of Criminal Procedure, it is improper to try a defendant on multiple counts charging the same offense. Rule 7(c)(1) permits the government to "allege[] in a single count that the . . . defendant committed [an offense] by one or more specified means." As the Advisory Committee Note explains, this provision "is intended <u>to eliminate the use of multiple counts</u> for the purpose of alleging the commission of the offense by different means or in different ways." 4 FRAUD 405, 412 (1945) (emphasis supplied); <u>see</u>, <u>e.g.</u>, <u>United States v. Allied Chemical Corp.</u>, 420 F.Supp. 122, 123-24 (E.D. Va. 1976).

An indictment charging the same offense in more than one count is "multiplicitous" and thereby defective. <u>United States v. Harris</u>, 959 F.2d. 246, 250 (D.C. Cir.) (<u>per curiam</u>), <u>cert. denied</u>, 113 S. Ct. 362 (1992); <u>see</u> <u>United States v. Swaim</u>, 757 F.2d. 1530, 1536 (5th Cir.), <u>cert. denied</u>, 474 U.S. 825 (1985). If a defendant raises a timely multiplicity objection pursuant to Fed. R. Crim. P. 12(b)(2), the proper remedy is to require the government to elect between the multiplicitous counts. <u>See</u>, <u>e.g.</u>, <u>United States v. Bradsby</u>, 628 F.2d. 901, 905 (5th Cir. 1980); <u>United States v. Martorana</u>, 629 F.Supp. 509, 511 (D. Me. 1986); <u>United States v. Lopez</u>, 585 F.Supp. 1391, 1392-93 (D.P.R. 1984).[1]

To avoid unfair prejudice to the defendant, the government must elect between multiplicitous counts before trial. This is so because multiplicitous charges "improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." <u>United States v. Reed</u>, 639 F.2d. 896, 904 (2d. Cir. 1981); <u>see</u> <u>United States v. Lopez</u>, 585 F.

---

[1] In <u>United States v. Harris</u>, the D.C. Circuit ruled that a multiplicity objection is waived if not raised pretrial. <u>See</u> 959 F.2d. at 250-51. The Court also noted that "the absence of objection constitutes a waiver of the double jeopardy defense." at 251 n.2.

Supp. at 1392.[2]  Multiplicitous counts also afford the government an unfair advantage by increasing the likelihood that the jury will convict on at least one count, if only as the result of a compromise verdict.  The realization of this possibility seems precisely the government's purpose in this case.  This approach is both prejudicial and unnecessary.

Under 18 U.S.C. § 3146(c), the government must prove that Mr. Willis (1) was released pursuant to statute, (2) was required to appear in court, (3) knew that he was required to appear, (4) failed to appear as required, (5) was willful in his failure to appear.  Although the defense recognizes the need for the government to provide specific notice of the date for the alleged violation of law, 18 U.S.C. § 3146(c) does not require proof of an actual date for failing to appear.[3]  Moreover, if the date is of such importance so as to necessitate multiplicitous counts in the indictment, then presumbably language that the offense occurred "on or about" some date in September is unnecessary and should be stricken.

The test for determining whether two counts of an indictment are multiplicitous is "whether each [count] requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see United States v. Harris, 959 F.2d. at

---

[2]  In United States v. Drew, 331 F.2d. 85 (D.C. Cir. 1964), the D.C. Circuit considered whether two offenses--a robbery on July 27 and an attempted robbery on August 13--were properly joined in a single indictment.  See id. at 92.  The indictment charged two separate offenses and so was not multiplicitous.  Nevertheless, the joinder of offenses in Drew gave rise to some of the same dangers as the multiplicitous charges against Mr. Willis.  Both the improper joinder in Drew and the multiplicitous charges against Mr. Willis arouse in the jury "a latent feeling of hostility engendered by the charging of several crimes as distinct from only one." Id.

[3]  If the government's concern is that Mr. Willis will present a defense that his failure to appear was not knowing or willful because he was not aware of the proper date for his required appearance, Mr. Willis is willing to consent to amendment of the indictment to consolidate all dates (September 1, 6, 8, 16, or 19) in the alternative in Count One of the indictment.

251 n.3 (quoting <u>Blockburger</u>).  Under some circumstances, however, <u>Blockburger</u> does not always control the statutory construction issue because Congress did not intend to permit multiple convictions for the offenses at issue.

Once Mr. Willis failed to appear the first time, he did not commit a separate crime on each subsequent date he remained absent; rather, his failure to appear was a "continuing offense" that terminated upon his arrest.  <u>See</u> <u>U.S. v. Green</u>, 305 F.3d 422, 430 (6th Cir. 2002).  Thus, he is not properly charged in three separate counts with failing to appear.   Moreover, on September 13, 2005, the Court vacated the vacated previously scheduled hearings for September 16, 2005 and September 19, 2005.  Thus, after Mr. Willis allegedly failed to appear the first time and the Court vacated future hearings, there was not a hearing at which his presence was required or for which he could have reasonably willfully failed to appear.

The proper remedy is to require the prosecution to elect among the three counts for trial or to consolidate them, and to dismiss the surplus counts.  <u>See</u> <u>United States v. C.I.T. Credit Corp.</u>, 344 U.S. 218 (1952) (affirming the dismissal of 32 surplus counts of offense that consisted of continuing course of conduct); <u>Bradsby</u>, 628 F.2d at 905; <u>Lopez</u>, 585 F. Supp. at 1392-93.

Where a defendant raises a timely multiplicity objection <u>before</u> trial--as Mr. Willis is doing here--the Court has discretion to require the prosecution to make its election among multiplicitous counts before trial.  This would avoid unfair prejudice to Mr. Willis.  <u>See</u> <u>United States v. Reed</u>, 639 F.2d at 904; <u>cf</u>. <u>United States v. Drew</u>, 331 F.2d at 88 (improper joinder of offenses in indictment created danger that jury would harbor "a latent feeling of hostility engendered by the charging of several crimes as distinct from only one").  Pretrial election

between the multiplicitous counts also avoids the risk that the jury improperly will convict Mr. Willis of one of the three multiplicitous counts as compromise verdict.

## CONCLUSION

For the foregoing reasons, and any others which may appear to the Court, Mr. Willis requests that the Court enter an Order requiring the prosecution to elect which of the three multiplicitous failure to appear counts it will elect to proceed upon at trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Counsel for Mr. Willis


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2006, the foregoing Motion to Compel Election Among Multiplicitous Counts, and the Memorandum in Support, were served by electronic means upon Assistant United States Attorneys Amy Jeffress and David Woll.


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender